IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. KREGER,

                Plaintiff,

v.

DAVID MAHAN FLORES and DANE COUNTY,

                Defendants.

OPINION and ORDER

21-cv-446-jdp
21-cv-530-jdp

---

    Pro se plaintiff Valerie L. Kreger has filed two lawsuits alleging that: (1) defendant Dane County violated her rights by mishandling her family-law court case, and (2) defendant David Mahan Flores, her ex-husband, has abused her and her daughter. In the first lawsuit, case no. 21-cv-446-jdp, I dismissed Kreger's initial complaint and allowed her to file an amended complaint with more detail. Dkt. 11. In response, Kreger filed an amended complaint. Dkt. 12. In the second lawsuit, case no. 21-cv-530-jdp, Kreger's initial complaint is before the court. Dkt. 1. The complaints in both cases are ready for screening.

    Kreger's two lawsuits raise the same allegations against Dane County and Flores, so I will screen them together. I will dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2). In doing so, I must accept her allegations as true, *see Bonte v. U.S Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010), and construe the complaints generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

    Both complaints fail to state any claim to relief against Dane County or Flores. In my initial screening order in the '446 case, Dkt. 11, I pointed out several problems with Kreger's

initial allegations, gave her an opportunity to fix them in an amended complaint, and warned her that if she failed to do so, I would dismiss the case. Kreger's new allegations do not fix the problems that I identified and do not otherwise state a claim. Her allegations in the '530 case are redundant and unnecessary. So I will dismiss both cases. Kreger's motion for a jury trial in the '446 case will be denied as moot.

## ALLEGATIONS OF FACT

I draw the following allegations from Flores's amended complaint in the '446 case, Dkt. 12, and her initial complaint in the '530 case, Dkt. 1. Kreger and Flores used to be married and they have a daughter together. Flores has abused Kreger and her daughter. Specifically, he committed battery against Kreger three times over 20 years, stole Kreger's car in 2004, drove drunk with her daughter in the car, used substances around her daughter, inappropriately touched her daughter, and inappropriately slept in her daughter's bed. Kreger's daughter returned from Flores's home with unexplained bruises. From 2008 to 2015, Flores's income rose significantly but he did not file taxes so that he could avoid increased child support payments. He does not comply with the court's custody and placement orders and interferes with Kreger's ability to see her daughter. Flores also tried to involuntarily commit Kreger for mental health reasons and gave Kreger's name out to prisoners who write to harass her. Flores's parents are bullying Kreger.

Kreger is involved in a family-law case against Flores in Dane County Circuit Court. The court has discriminated against her on account of her disability, gender, marital status, socioeconomic status, and because she is a domestic violence victim. The court gives Flores

"preferential treatment" because he is a man and was in the military. Kreger has not seen her daughter for a year and a half.

Judges and commissioners allowed Flores to move out of state with Kreger's daughter and overlooked Flores's refusal to comply with custody placement orders or tell Kreger where her daughter is. Judges McNamara, Gaylord, Colas, Flanagan, Trammell, and Commissioners Hanson and McAndrew have all been involved. Judge Gaylord expunged Flores's back payments and required Kreger to pay thousands of dollars in filing, transcript, and attorney fees, even though Kreger is indigent. At a family court hearing in July 2019, Gaylord said it was "okay" for Flores to "go out drinking to the bars [three] times in one week." Judge Trammell denied Kreger's motions and declined to order that Flores be extradited, even though he has committed numerous crimes. Dane County corporation counsel also discriminated against Kreger by declining to participate in court hearings.

## ANALYSIS

**A. Allegations against Dane County**

Kreger alleges that Dane County discriminated against her and unfairly favored Flores in her family-law case in Dane County Circuit Court. As an initial matter, Flores cannot proceed on claims against Dane County. To succeed on a constitutional claim against a county, a plaintiff must allege that her rights were violated because of a policy or custom or by acts of an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Kreger's allegations are not a fit for a *Monell* claim. Rather, her allegations make clear that she is challenging judicial decisions and rulings in her family-law court case.

But even if Kreger named individual state or county officials as defendants, she cannot bring claims based on the decisions in her family-law case for two reasons. First, she raises allegations against judges, court commissioners, and Dane County corporation counsel—all officials who cannot be sued for their official actions. Specifically, judges have absolute immunity from suits arising from their official decisions or actions. *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Court commissioners performing "functions integral to the judicial process" are also immune from liability. *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989). And corporation counsel attorneys enjoy absolute immunity from suit for alleged injuries that stem from their prosecutorial duties. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir. 1986).

Second, deciding Kreger's claims would improperly interfere with her state-court case. Kreger has provided me with the case number for her family-law proceedings, but the status of the case is not clear from the Wisconsin court records system. If Kreger's family-law case is still in progress, I must abstain from deciding her claims. *J.B. v. Woodard*, No. 20-1212, 2021 WL 1903214 (7th Cir. May 12, 2021) (federal courts cannot adjudicate claims that take aim at a contested and ongoing family court custody dispute). If, on the other hand, Kreger's family-law case is final, her claims would be barred by the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing civil judgments entered by state courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). Finally, under the "domestic relations exception" to diversity jurisdiction, federal courts generally may not interfere with matters of divorce, custody, or child support. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Kreger has failed to state a claim based on her family-law case in Dane County Circuit Court.

**B. Allegations against Flores**

Kreger alleges that Flores has abused her and her daughter. Kreger's allegations do not state any plausible federal-law claims against Flores, so I may consider the remainder of her allegations only if her complaint establishes diversity jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers,* 562 F.3d 798, 802 (7th Cir. 2009). Diversity jurisdiction requires: (1) an amount in controversy that exceeds $75,000; and (2) parties that are citizens of different states. 28 U.S.C. § 1332. Kreger seeks $2,000,000 in damages, and Dane County will be dismissed, so Flores is now the sole defendant in this action. Kreger alleges that she is a citizen of Wisconsin, and that Flores is a citizen of Arizona, so Kreger meets the diversity jurisdiction requirements.

Kreger's allegations against Flores are too vague to state any state-law claims. For example, Kreger says that Flores committed battery against her three times over 20 years, but she doesn't explain what happened or when. Kreger alleges that Flores stole her car, drove drunk with her daughter, and abused her daughter. She also says that Flores did not file taxes to avoid child support payments, violated custody orders, participated in efforts to have Kreger involuntarily committed, and gave Kreger's address to prisoners. These allegations are vague and undetailed, many of them belong in Kreger's family law case, and her most serious allegations involve events that happened Kreger's daughter, not to Kreger herself. Kreger's allegations do not support any state-law claims against Flores.

The '446 and the '530 cases both will be dismissed. The '446 case was Kreger's final opportunity to amend her allegations against Dane County and Flores. But the new allegations she submitted in that case suffer from many of the same problems as her initial allegations.

5

And the '530 case allegations are even more sparse and undetailed than the '446 case allegations.

**C. Motion for a jury trial**

Kreger has filed an additional motion that is pending in the '446 case: a motion for a jury trial. Dkt. 19. I will deny the motion as moot because the case will be dismissed. I will direct the clerk of court to close both cases.

ORDER

IT IS ORDERED that:

1. Plaintiff Valerie L. Kreger's case no. 21-cv-446-jdp, is DISMISSED.

2. Plaintiff Valerie L. Kreger's case no. 21-cv-530-jdp is DISMISSED.

3. Plaintiff's motion for a jury trial in case no. 21-cv-446-jdp, Dkt. 19, is DENIED as moot.

4. The clerk of court is directed to enter judgment accordingly and close both cases.

Entered May 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge